## BELNAP v. CUTRUBUS.

No. 4033.   Decided December 19, 1923.   (221 Pac. 575.)

1. BANKRUPTCY—PROOF AND FINDING THAT CREDITOR HAD REASON TO
   BELIEVE JUDGMENT WOULD EFFECT A PREFERENCE ESSENTIAL.   A
   trustee in bankruptcy cannot recover back money collected by a
   creditor by means of a judgment recovered within four months
   of the filing of the petition as a preference, voidable under
   Bankruptcy Act, § 60 (U. S. Comp. St. § 9644), where there
   is neither proof nor a finding that the creditor had reasonable
   cause to believe, or did believe, that the enforcement of the
   judgment would effect a preference, though such fact is alleged.

2. BANKRUPTCY—COMPLAINT BY TRUSTEE IN BANKRUPTCY AGAINST
   CREDITOR FOR SECURING A PREFERENCE HELD SUFFICIENT.   A com-
   plaint by a trustee in bankruptcy to recover from a creditor as
   a preference certain money obtained through a civil action
   against the bankrupt within four months prior to bankruptcy
   *held* sufficient on which to base a finding that creditor had
   reasonable cause to believe that a preference would result from
   the enforcement of his judgment.

Appeal from District Court, Second District, Weber
County; *George S. Barker*, Judge.

Action by Hyrum A. Belnap, as trustee of the estate of
C. L. Rose, bankrupt, against Gus J. Cutrubus.   Judgment
for plaintiff, and defendant appeals.

REVERSED, and new trial granted.

*Joseph E. Evans*, of Ogden, for appellant.

*John G. Willis*, of Ogden, for respondent.

GIDEON, J.

Respondent is the trustee of the estate of one C. L. Rose,
a bankrupt.   As such trustee he brought this action in the
district court of Weber county to recover from appellant
certain money obtained by the latter through civil action

brought against the bankrupt within four months prior to bankruptcy. In the pleadings it is admitted that on May 21, 1921, certain creditors of Rose filed in, the United States District Court of Utah a petition praying that he be adjudged an involuntary bankrupt; also that on May 26, 1921, he was so adjudged. It is further admitted that the appellant on December 28, 1920, instituted an action in the city court of Ogden against Rose by attachment; that a writ of attachment was issued and a stock of merchandise owned by Rose sold thereunder on January 5, 1921; that subsequently judgment was obtained in the action, and the money received from the sale of the merchandise applied in payment of that judgment. In the complaint it is alleged that at the time of the institution of that action Rose was wholly insolvent and indebted in large sums to other persons, whose claims were valid, and that said claims remain unpaid. It is also alleged that the effect of the judgment and the collection of the money received from the sale upon attachment gave to the appellant a greater percentage of his claim than other creditors of the bankrupt will receive. The eighth paragraph of the complaint is as follows:

"That said defendant, Gus J. Cutrubus (appellant), well knew, at the time of the taking of the said money from the constable which belonged to the estate of the said bankrupt, that he was wholly insolvent, and that there were not sufficient funds in his estate to pay his creditors in full; that the claims of the aforesaid petitioners in bankruptcy against the said C. L. Rose, sometimes known as Tom Ross, had been in existence a long time prior thereto; and that by taking the said money from the said estate of C. L. Rose, as aforesaid, the said defendant obtained a much greater proportion of his claim against the said C. L. Rose than the other creditors could or did receive."

The answer denies all of the allegations of the complaint, except such as are admitted as above indicated. Upon the trial the following facts were stipulated:

"That on December 28, 1920, Gus J. Cutrubus, who is the defendant here, brought an action in the city court of Ogden against C. L. Rose to recover $111.46 on an account, together with interest and costs; that a writ of attachment was on said day issued out of said court in said action, and a levy and attachment made thereunder by the constable on the stock of goods of said Rose, who con-

ducted a store at Ogden; that on January 5, 1921, said constable sold said attached goods for $186.08; that on April 8, 1921, judgment was taken in said action in favor of Cutrubus and against Rose for $128.95 (principal, $111.46; interest, $2.34; costs, $15.15); that said judgment was on said April 8, 1921, satisfied and paid by said constable out of said proceeds of sale; that the balance of said sum of $186.08 was disbursed by said constable as follows: $21.08 in payment of his commissions of sale, fees, keeper's fees, and costs, and $36.05 to Wm. A. Stickney Cigar Company in satisfaction of its judgment."

No other evidence was offered. The court made findings of fact, conclusions of law, and entered judgment in favor of plaintiff. Defendant appeals.

The court's third finding of fact is as follows:

"That at the time of the commencement of said action by the defendant herein against said bankrupt said bankrupt was then indebted to various creditors in sums in excess of his financial ability to pay, among whom was the defendant herein; that by reason of the levy upon and sale of the effects and property of said bankrupt by the defendant herein, the defendant obtained a preference over other creditors of the said bankrupt, and thereby defendant received money properly applicable to the payment of all claims proved against said bankrupt in said proceedings."

This finding is relied upon as supporting the judgment. By the assigned errors the findings of the court and its judgment are assailed: (a) In that the findings are not supported by the testimony; and (b) in that the judgment is not supported by the findings.

It is apparent that the theory upon which this action is prosecuted is that the defendant obtained an unauthorized preference by the attachment proceedings, and that the same is avoidable under the congressional Bankruptcy Act (U. S. Comp. St. §§ 9585-9656). It is also apparent that a recovery, if one can be had by the trustee, must be under section 60b of that act. That section, among other things, provides:

"* * * And the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference. * * *"

There is nothing in the stipulated facts authorizing a finding that at the time of the attachment or the receiving of the money from the constable the defendant had "reasonable

cause to believe,'' or did believe, that the enforcement of the judgment would effect a preference. Neither is there any finding of the court that the defendant had reasonable cause to believe that the enforcement of the judgment would result in a preference. Nor is there any finding of fact from which such a conclusion is legally inferable.

Similar questions have been before other courts, and the courts have uniformly held that it is not sufficient to authorize a recovery by the trustee merely because the collection of the judgment did or does result in a preference. In *Mc-Neel* v. *Folk*, 75 W. Va. 57, 83 S. E. 192, the first headnote, which reflects the opinion of the court, is as follows:

"To entitle a trustee in bankruptcy to recover back money collected by a creditor of the bankrupt by means of a judgment recovered within four months of the filing of the petition in bankruptcy, on the ground that it created a preference voidable under section 60 of the federal Bankruptcy Act * * * it is his duty to aver and prove that the bankrupt was insolvent at the time the judgment was obtained."

The second headnote to *Powell* v. *Gate City Bank*, 178 Fed. 609, 102 C. C. A. 55, is:

"Proof of knowledge or notice of facts which give a creditor who obtains a preference reasonable cause to believe at the time he receives it that it is intended to prefer him to other creditors of his debtor thereby is indispensable to the establishment of a voidable preference."

The first headnote to *Johnson* v. *Anderson*, 70 Neb. 233, 97 N. W. 339, is:

"In an action by a trustee in bankruptcy to recover the proceeds of the property of the bankrupt paid over to a creditor on a judgment in completed attachment proceedings in his favor within four months of and before the filing of the petition in bankruptcy, it must be alleged in the petition that the preference was received by the creditor having reasonable cause to believe that the bankrupt was insolvent, and, by suffering the attachment proceedings and judgment to be taken against him, thereby intended to make a preference."

Many other cases could be cited and quoted from to the same effect, but the foregoing is sufficient to indicate the general trend of all the authorities.

It is argued on behalf of plaintiff that to deny a recovery

by the trustee violates the spirit of the Bankruptcy Act, in that the purpose of that act is to effect an equal distribution of the assets of a bankrupt. Grant that to be the purpose of the act, yet the terms of the act provide that the party receiving the benefit of the judgment or transfer must at the time of receiving it have reasonable cause to believe that it will result in a preference. And, as has been seen, the authorities are to the effect that it is necessary for the complaint to contain such allegation, and that the evidence and the findings must support the same.

The paragraph of the complaint quoted is sufficient, in our judgment, upon which to base a finding that the defendant had reasonable cause to believe that a preference would result from the enforcement of his judgment against the property taken by the attachment. That allegation, however, was denied by the answer. As pointed out, neither the facts stipulated nor the court's findings give support to the conclusion that the appellant had reasonable cause to believe that he would receive a preference. We are not to be understood as holding that the fact of filing a suit and levying upon the bankrupt's property by attachment and its effect upon the other creditors of the bankrupt may not be considered as an element in determining that the attaching creditor had reasonable cause to believe that the enforcement of his judgment would effect a preference. We have applied the law as we understand it to the facts as they appear in this record.

The judgment is reversed, and a new trial granted.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.