Arbona Hermanos, Demandantes y Apelantes, *v.* Pabón & Ramírez, Demandada, y Boothby, Síndico, Interventor y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en causa sobre cobro de dinero.

No. 1380.—Resuelto en abril 4, 1916.

Quiebras—Preferencia de Acreedores—Nulidad de la Misma.—Por virtud del artículo 67*f* de la Ley de Quiebras, cualquiera preferencia obtenida por un acreedor dentro de los cuatro meses anteriores a la presentación de la petición de quiebra siendo insolvente el deudor es nula y sin ningún valor.

Id.—Insolvencia—Actos de Quiebra—Cesión en Favor de los Acreedores—Incapacidad del Deudor.—De acuerdo con el artículo 3°. de la Ley de Quiebras, enmendado en 1903, la insolvencia es un requisito previo para los tres primeros *actos de quiebra*, pero no lo es para el cuarto y quinto, o sea, cuando el deudor ha hecho una cesión general a beneficio de sus acreedores o reconocido por escrito su incapacidad de pagar sus deudas y su deseo de que se le declare en quiebra por tal motivo.

Id.—Insolvencia—Pasivo—Activo.—La insolvencia según la Ley de Quiebras, con ciertas limitaciones, significa un exceso del pasivo sobre el activo.

Id.—Declaración de Quiebra—Actos de Quiebra—Insolvencia del Quebrado—Presunción—Acreedores.—Se ha resuelto generalmente por las cortes que cuando un hombre ha sido declarado en quiebra por cualquiera de los tres primeros actos del artículo 3°. la insolvencia de dicho quebrado se presume concluyente por razón de la declaración de quiebra, puesto que a los acreedores se les concede tiempo suficiente para oponerse a que sean declarados en quiebra en el tiempo que media desde la fecha de la petición y la declaración de la misma. De igual modo ha sido declarado generalmente que todos los acreedores se consideran como partes en la petición de quiebra.

Id.—Preferencia Obtenida en una Acción o Procedimiento—Proposiciones Disyuntivas.—El derecho preferente obtenido en cualquier acción o procedimiento queda anulado por la declaración de quiebra por cualquiera de las proposiciones disyuntivas contenidas en el artículo 67*c*, como enmendado por las leyes de 1903 y 1910. Es suficiente si se obtiene y permite un derecho preferente mientras el *demandado* era insolvente y que su existencia y cumplimiento produjera una preferencia.

Id.—Actos de Quiebra—Insolvencia—Prueba de la Insolvencia.—Si la declaración de la quiebra envuelve un acto por parte del deudor cuando la insolvencia es también un elemento, la declaración obliga a todos los acreedores en cuanto al hecho de tal insolvencia. En caso contrario debe probarse la insolvencia.

Los hechos están expresados en la opinión.

Abogado de los demandantes y apelantes: *Sr. Ramón Dapena.*

Abogado del síndico: *Sr. Angel A. Vázquez.*

La demandada Pabón & Ramírez, no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En 26 de abril de 1915, la sociedad mercantil Arbona Hermanos radicó en la Corte de Distrito de Ponce una demanda contra Pabón & Ramírez en cobro de dinero, y aparentemente en la misma fecha obtuvo una orden de embargo para asegurar la efectividad de la sentencia. Esta última mercantil fué citada debidamente pero dejó de comparecer y se registró sentencia en rebeldía contra la misma en 26 de mayo, 1915, condenándola a pagar la suma de $772.92. Con anterioridad a ese día, o sea, en 7 de mayo, 1915, la mercantil demandante, alegando que entre los bienes embargados se encontraban algunos que eran fungibles, obtuvo otra orden para la venta de dichos bienes en pública subasta. De conformidad con esta última orden, hacia fines de mayo de dicho año, vendió el márshal los bienes en pública subasta por la suma de $1,000, y depositó su importe pocos días después en la Corte de Distrito de Ponce, donde según inferimos de los autos todavía se encuentran.

En mayo 26, 1915, o sea el mismo día en que fué dictada la sentencia en rebeldía, fué declarada en quiebra la mercantil Pabón & Ramírez por la Corte de Distrito de los Estados Unidos para Puerto Rico, Sección de Mayagüez, habiéndose presentado la petición de quiebra en 6 de mayo, 1915. En los procedimientos de quiebra tuvieron una reunión los acreedores ante José Benet, árbitro en la quiebra, y como consecuencia de dicha reunión, fué nombrado Thomas Boothby, Jr., síndico (*trustee*) de la quiebra. El referido Thomas Boothby, Jr., compareció en 15 de junio, 1915, ante la Corte de Distrito de Ponce, alegando entre otras cosas, que la sentencia dictada por dicha corte contra la mercantil Pabón & Ramírez podría ejecutarse en 26 de junio y suplicó a la corte que fueran paralizados los procedimientos,

fundando su petición en varios artículos de la Ley Federal de Quiebras, que luego discutiremos.

En 15 de junio, 1915, la Corte de Distrito de Ponce dictó una orden paralizando los procedimientos. En julio 2, 1915, compareció nuevamente dicho síndico (*trustee*) en la Corte de Distrito de Ponce y pidió a la corte que los $1,000, importe de la venta en pública subasta y los demás bienes embargados y no vendidos fueran pasados a poder suyo. En 19 de julio, 1915, la corte dictó una orden accediendo a lo solicitado por el síndico, y en 20 de julio, 1915, fué interpuesta apelación contra la referida orden. Puede que tenga alguna ligera relación con el caso el no haberse interpuesto apelación contra la orden paralizando los procedimientos del caso.

Evidentemente que el síndico actuaba bajo la creencia de que cualquier preferencia obtenida por un acreedor dentro de los cuatro meses anteriores a la presentación de la petición de quiebra era nula o podía ser anulada por virtud del artículo 67, *c* o *f*, de la Ley Federal de Quiebras. El apelante sostiene, sin embargo, que de acuerdo con esa ley es necesario probar que el deudor era insolvente en la fecha de la supuesta preferencia, y que el acreedor tenía motivo razonable para creer que dicho deudor era insolvente.

El párrafo 3°. de la Ley de Quiebras prescribe lo siguiente:

"Párrafo 3.—*Actos de quiebra.—a.* Los actos de quiebra por parte de una persona consistirán en (1) haber vendido, traspasado, ocultado o hacer desaparecer o permitido que se oculte o desaparezca cualquier parte de sus bienes con la intención de impedir, demorar o defraudar a sus acreedores, o a cualquiera de ellos; o (2) haber traspasado, mientras es insolvente, cualquier parte de sus bienes a uno o más de sus acreedores con la intención de dar preferencia a tales acreedores, sobre sus otros acreedores; o (3) haber tolerado o permitido mientras es insolvente, que cualquier acreedor obtenga preferencia mediante procedimientos legales y no haber anulado o dejado sin efecto dicha preferencia por lo menos cinco días antes de una venta o adjudicación definitiva de cualquiera bienes que estén afectados por tal preferencia; o (4) haber hecho una cesión general

para beneficio de sus acreedores, *o siendo insolvente, haber pedido el nombramiento de un síndico o* trustee *para sus bienes, o porque debido a la insolvencia ha sido encargado un síndico o* trustee *de sus bienes, de acuerdo con las leyes de un Estado, Territorio, o de los Estados Unidos;* o (5) haber reconocido por escrito su incapacidad para pagar las deudas y su deseo de que se le declare en quiebra por tal razón.    (Enmienda de 1903, subrayada.)

\*        \*        \*        \*        \*        \*        \*

"*c.* Será una completa defensa en cualesquiera procedimientos de quiebra de acuerdo con el primer apartado de este artículo el que se alegue y pruebe que la persona contra quien se siguen los procedimientos no era insolvente, como se define en esta ley, a la fecha de presentar la petición contra la misma, y si se prueba su solvencia en esa fecha por el supuesto quebrado, serán desestimados los procedimientos, y bajo dicho párrafo primero la obligación de probar la solvencia incumbe al supuesto quebrado."

De acuerdo con este artículo según ha sido citado la insolvencia es un requisito previo para los tres primeros actos de quiebra, pero no lo es para el cuarto y quinto, o sea, cuando el deudor ha hecho una cesión general a beneficio de sus acreedores, o reconocido por escrito su incapacidad de pagar sus deudas y su deseo de que se le declare en quiebra por tal motivo.    La insolvencia según la Ley Federal de Quiebras, con ciertas limitaciones, significa un exceso del pasivo sobre el activo.

Ahora bien, se ha resuelto generalmente por las cortes que cuando un hombre ha sido declarado en quiebra por cualquiera de los tres primeros motivos, la insolvencia de dicho quebrado se presume concluyentemente por razón de la declaración de quiebra, puesto que a los acreedores se les concede tiempo suficiente para oponerse a que sea declarado en quiebra en el tiempo que media desde la fecha de la petición y la declaración misma.    *Cook v. Robinson,* 194 Fed. 785; In re Dempster, 172 Fed. 353; *Corbett v. Riddle,* 209 Fed. 811; Collier on Bankruptcy, Fed. 963 nota 214*a*; In re Federal Biscuit Co., 214 Fed. 221.    De igual modo ha sido declarado generalmente que todos los acreedores se con-

sideran como partes en la petición de quiebra. Sin embargo, no hemos podido cerciorarnos de que se presuma la insolvencia cuando el deudor ha sido declarado en quiebra debido a los actos cuarto y quinto de quiebra. Las autoridades a la verdad parecen indicar lo contrario. Loveland on Bankruptcy, § 437; Collier on Bankruptcy, p. 963*e*; *McNeel* v. *Folk,* 83 S. E. 192; In re Alabama Coal & Coke Co., 210 Fed. 940; *Sheppard Strassheim Co.,* v. *Black,* 211 Fed. 643; In re Louisell Lumber Co., 209 Fed. 784. Sostiene el apelante, como hemos visto, que para anular una preferencia no solamente es necesario probar la insolvencia, sino también que el acreedor tenía razón para creer en tal insolvencia. El artículo 67*c,* como ha sido enmendado por las leyes de 1903 y 1910, prescribe lo siguiente:

"*c.* Todo derecho preferente creado en el curso de una acción o procedimiento en ley o equidad, o establecido por consecuencia de los mismos, incluyendo embargos preventivos decretados después del emplazamiento (*upon mesne process*) o sentencias por confesión, siempre que tales acciones o procedimientos se hubieren iniciado contra una persona dentro de los cuatro meses precedentes a la petición de quiebra por dicha persona o contra ella, quedará cancelado por virtud de la declaración de quiebra en los casos siguientes: (1) Si se demostrara que dicho derecho preferente fué obtenido y consentido por el acreedor siendo el deudor insolvente, siempre que su existencia y ejecución equivalgan a conceder una preferencia a dicho acreedor; o (2) si la parte o partes beneficiadas por el derecho preferente hubieren tenido motivos razonables para creer que el demandado era insolvente y preveía su quiebra; o (3) que dicho derecho preferente fué constituído burlando las disposiciones de esta ley; si la anulación de dicho derecho preferente redundase en perjuicio de los intereses del capital de la quiebra, no será anulado, pero el administrador de la quiebra quedará subrogado en beneficio del activo, en los derechos del quebrado, y con facultad para perfeccionar y hacer efectivo dicho derecho preferente, con la misma validez y eficacia que si tales actos los realizara el deudor en el caso de no estar quebrado."

Al citar este artículo el apelante estaba bajo la impresión de que no existía la palabra "o" antes del párrafo (2) de dicho artículo, pero es evidente que este artículo está

enteramente en forma disyuntiva y que todo derecho preferente obtenido en cualquier acción o procedimiento queda anulado por la declaración de quiebra, por cualquiera de las proposiciones disyuntivas contenidas en dicho artículo. Es suficiente si se obtiene y permite un derecho preferente mientras el demandado era insolvente y que su existencia y cumplimiento produjera una preferencia. Véanse las anteriores autoridades.

El abogado del apelante también sostiene, si es que lo entendemos, que debe probarse que el deudor era insolvente en la fecha de la supuesta cesión, pero el artículo 67f prescribe lo siguiente:

"(f) Todas las ejecuciones (*levies*) sentencias, embargos u otros derechos preferentes obtenidos mediante procedimientos legales contra una persona que fuere insolvente, en cualquier tiempo dentro de los cuatro meses anteriores a la petición de quiebra presentada contra él, serán considerados nulos y sin ningún valor, en el caso de que sea posteriormente declarado en quiebra; y la propiedad afectada por la sentencia, embargo u otros derechos preferentes, será considerada totalmente libre y exonerada del mismo, y pasará al administrador como parte del activo de la quiebra; a menos que la corte ordenare mediante la correspondiente notificación, que el derecho adquirido bajo dicha ejecución, sentencia, embargo u otro derecho preferente se preserve para beneficio del activo; pues en tal caso pueden pasar y ser preservados por el administrador para beneficio del activo según se ha expresado. La corte puede ordenar todos los traspasos necesarios para llevar a efecto lo dispuesto en esta sección: *Disponiéndose,* que nada de lo aquí contenido tendrá el efecto de destruir o menoscabar el título obtenido por consecuencia de dicha ejecución, sentencia, embargo o derecho preferente, por un comprador de buena fe, por valor recibido, que haya adquirido sin tener noticia de la situación del quebrado, ni motivo racional para suponerla antes de verificar la compra."

Y de acuerdo con ese artículo ha sido claramente resuelto que cualquier preferencia obtenida dentro de cuatro meses de la presentación de la petición será considerada nula y sin ningún valor. Hay una autorizada discusión sobre este

punto en el caso de *Cook* v. *Robinson,* 194 Fed. 785, donde se revisan las autoridades.

La única dificultad que encontramos en este caso con respecto a la confirmación de la sentencia es que no estamos conformes con que se probó la insolvencia del deudor. El certificado del árbitro en este caso meramente exponía que uno de los fundamentos de la petición de quiebra era la alegación que se hizo de que Arbona Hermanos habían obtenido una preferencia mediante procedimientos legales; pero no expresa el certificado que la mercantil deudora Pabón & Ramírez fué declarada en quiebra por ese motivo. Ahora bien, aunque existe una gran probabilidad de que Pabón & Ramírez fué declarado en quiebra por el fundamento expresado y hasta una probabilidad mayor de que dicho quebrado era insolvente en la fecha de la adquisición del derecho preferente mediante embargo, somos, no obstante, de opinión en vista de lo que se dice en el certificado que de ahí no se deduce que el deudor no haya podido ser declarado en quiebra por uno de los actos que no presupone insolvencia.

Como hemos indicado, si la declaración envolvía un acto por parte del deudor cuando la insolvencia era también un elemento, entonces la declaración obligó a todos los acreedores en cuanto al hecho de tal insolvencia; de lo contrario debe probarse la insolvencia. El síndico (*trustee*) pudo haberlo hecho en este caso tal vez presentando una copia de la declaración misma, o, si no, mostrando la petición y la declaración o probando la insolvencia del deudor en alguna otra forma. Sin tal insolvencia las preferencias obtenidas dentro de cuatro meses de la presentación de la petición quedan protegidas, según entendemos las autoridades anteriormente citadas. Si en realidad de verdad el deudor era insolvente el síndico en este caso tenía derecho a la orden dictada finalmente por la Corte de Distrito de Ponce. Nos hemos referido al hecho de que no haya apelación contra la primera orden paralizando todos los procedimientos en

el caso, pero no creemos que la insolvencia puede presumirse de la conformidad con esta orden.

La orden apelada debe ser revocada sin perjuicio de los derechos que pueda tener el síndico para probar en cualquier forma, que la mercantil Pabón & Ramírez era insolvente en la fecha de la adquisición del derecho preferente mediante embargo.

> *Revocada la orden apelada sin perjuicio de los derechos que puedan asistir al síndico para demostrar en la forma que crea conveniente que la sociedad Pabón & Ramírez era insolvente en la fecha de adquisición del derecho preferente mediante embargo.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.