SERGIO RAMÍREZ, Jr., como *trustee* de la quiebra de CRUZ VÁZQUEZ, demandante y apelante, *v.* JULIO PERALES, demandado y apelado.

No. 3751.—*Visto:* Enero 12, 1926. *Resuelto:* Marzo 8, 1926.

1. QUIEBRA—QUIEBRA INVOLUNTARIA—INSOLVENCIA COMO REQUISITO PREVIO PARA DETERMINADOS ACTOS DE QUIEBRA—PRIMER ACTO DE QUIEBRA.—De acuerdo con el artículo 3 de la Ley de Quiebras la insolvencia no es un requisito previo para el primer acto de quiebra (*Arbona Hnos.* v. *Pabón & Ramírez,* 23 : 676, revisado y corregido).

2. QUIEBRA — QUIEBRA INVOLUNTARIA — DE LA ADJUDICACIÓN EN QUIEBRA Y SU EFECTO—CUESTIONES RESUELTAS — RES JUDICATA. — Adjudicada en quiebra una persona por haber tolerado, mientras era insolvente, una preferencia sin haberla anulado, dicha adjudicación es *res judicata* en cuanto a todas las cuestiones necesariamente resueltas y obligatoria para todos los acreedores.

3. QUIEBRA — QUIEBRA INVOLUNTARIA — DE LA ADJUDICACIÓN EN QUIEBRA Y SU EFECTO—CUESTIONES RESUELTAS — ESTOPPEL. — Adjudicada en quiebra una persona por haber obtenido, mientras era insolvente, una preferencia, el título y autoridad del síndico (*trustee*) depende de ser aquélla insolvente, y ninguna admisión suya puede destruir este hecho primordial.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando sin lugar demanda sobre cobro de dinero, sin costas. *Revocada y dictada otra, con costas.*

*González Fagundo & González, Jr.,* abogados del apelante; *Pereyó Quiñones & Pereyó, Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Está concluyentemente establecido que para que se deje sin efecto una preferencia obtenida contra un deudor declarado en quiebra de conformidad con la Ley Nacional de Bancarrota debe alegarse y probarse que el deudor era insolvente al momento de surgir tal preferencia. La cuestión envuelta

en este caso es si la insolvencia de un deudor particular en la fecha de la alegada preferencia quedó suficientemente demostrada.

En 17 de septiembre de 1923, Julio Perales radicó en la corte municipal de Humacao una demanda contra Cruz Vázquez en cobro de la suma de $300, la que se hizo constar en forma de un pagaré. El mismo día fueron embargadas todas las existencias del deudor en cierta casa comercial. En 19 de septiembre, 1923, los bienes fueron vendidos en pública subasta produciendo la suma de $511.82. Este pleito quedó definitivamente resuelto por sentencia, librándose orden de ejecución en 5 de octubre, 1923, habiéndose entregado a Julio Perales la suma de $303.37, por su crédito y costas.

En octubre 18, 1923, y por tanto muy dentro del término en que puede quedar sin efecto la preferencia de acuerdo con la Ley de Quiebra, los acreedores radicaron una petición de quiebra involuntaria contra Cruz Vázquez. El fundamento de la petición como se alegó sustancialmente era que dicho Cruz Vázquez, siendo insolvente, había permitido que sus acreedores A. Pérez & Hermano y Julio Perales de Humacao obtuvieran una preferencia sobre los demás acreedores mediante embargo y ejecución librado contra algunas de sus existencias sin haber procurado que se anulara dicha preferencia. En noviembre 13, 1923, Cruz Vázquez fué declarado en quiebra y nombrado Sergio Ramírez, Jr., *trustee,* quien estaba autorizado por el árbitro de la quiebra para establecer esta acción.

A una demanda presentada por dicho síndico (*trustee*) para dejar sin efecto la susodicha preferencia, el demandado Julio Perales contestó alegando que en la fecha de firmarse el pagaré dicho Cruz Vázquez era solvente y así continuó hasta la radicación de la demanda contra él. En el juicio el síndico demandante admitió la veracidad de esta alegación de la contestación y su admisión constituye quizás la principal dificultad en este caso.

La corte municipal al emitir una cuidadosa opinión dictó

sentencia contra el síndico demandante, sentencia que fué confirmada en apelación por la Corte de Distrito de Humacao. Sostiene el apelante, que debido a la adjudicación en quiebra por el fundamento de haber obtenido el acreedor particular una preferencia cuando era insolvente el quebrado, se presume concluyentemente la insolvencia y el apelante se funda principalmente en la decisión de esta corte en el caso de *Arbona Hermanos* v. *Pabón & Ramírez,* 23 D.P.R. 676. En este caso se resolvió que si la declaración de la quiebra envuelve un acto por parte del deudor cuando la insolvencia es también un elemento, la declaración obliga a todos los acreedores en cuanto al hecho de tal insolvencia, pero que en caso contrario debe probarse la insolvencia. En dicho caso se resolvió que la insolvencia no había sido suficientemente alegada o probada.

Antes de pasar a discutir este caso o las otras autoridades, conviene tener en cuenta que el referido caso de *Arbona Hermanos* v. *Pabón & Ramírez, supra,* contiene una exposición equivocada de la condición de la ley. El dicho equivocado no afecta a la decisión en el caso ante nos, ni hubiera afectado a la del caso de Arbona Hnos. Allí dijimos que de acuerdo con la sección 3 de la Ley de Quiebras la insolvencia es un requisito previo para los tres primeros actos de quiebra, pero no lo era para el cuarto y quinto. En realidad la insolvencia no es un requisito previo para el primer acto de quiebra, o sea, haber "trasladado, transferido, ocultado, etc., cualquier parte de su propiedad, con intento de estorbar, demorar o defraudar a sus acreedores." El error no puede posiblemente afectar al presente caso porque el acto de quiebra alegado contra Cruz Vázquez fué bajo el párrafo 3 de la sección 3 de la Ley de Quiebras, que literalmente dice:

"En haber tolerado o permitido, siendo insolvente, a cualquier acreedor, que obtenga preferencia sobre los demás, por medio de un procedimiento legal, si por lo menos cinco días antes de realizarse definitivamente la venta o enajenación de cualquier propie-

dad afectada por tal preferencia, no hubiere anulado ésta o dejá-
dola sin efecto.''

Las cortes de Humacao resolvieron que la insolvencia del
quebrado no fué suficientemente probada, y en efecto que
el síndico demandante había admitido que el quebrado era
solvente en la fecha de la ejecución obtenida mediante el
embargo. La teoría de ambas cortes inferiores según pa-
rece, era que la insolvencia de un quebrado en el momento
de surgir una preferencia debe probarse independientemente
de la declaración de quiebra. Dichas cortes se fundan en
varias decisiones de cortes de estado y de la Suprema Corte
de los Estados Unidos.

Se resolvió, por ejemplo, en el caso de *Taubel-Scott-
Kitzmiller Co., Inc., v. Fox et al.,* 264 U.S. 426, que la sec-
ción 67 *f* de la Ley de Quiebras no anula un gravamen obte-
nido por embargo o ejecución durante los cuatro meses an-
teriores a la radicación de la petición de quiebra en que el
deudor por sentencia es declarado en quiebra, si dicho deu-
dor en realidad era solvente cuando se verificó la ejecución.
En ese caso, sin embargo, el alegado quebrado presentó una
petición de quiebra voluntaria la que por supuesto ni ad-
mite ni niega la insolvencia en ninguna fecha anterior y por
tanto de acuerdo con la sección 67 *f* era necesario probar
independientemente que el quebrado era insolvente en la fe-
cha de la alegada preferencia. Asimismo en el caso de *Lib-
erty National Bank* v. *Bear,* 265 U.S. 365, el fundamento
para obtener una declaración fué que el quebrado había co-
metido un acto de quiebra haciendo una cesión general para
beneficio de los acreedores. Este es el cuarto acto de quie-
bra y, como indicamos en el caso de *Arbona Hnos.* v. *Pabón
& Ramírez, supra,* no presumía la insolvencia. Ninguna de
estas decisiones excluye la idea de que la insolvencia del
quebrado no puede presumirse concluyentemente cuando ha
sido declarado en quiebra por virtud de uno de los actos en
los cuales la insolvencia es un elemento necesario para la
declaración.

Si Vázquez no era insolvente cuando toleró o permitió a Perales obtener una preferencia mediante embargo, entonces él no cometió un acto de quiebra y la Corte de Distrito de los Estados Unidos hubiera carecido de jurisdicción. En el presente caso la adjudicación de quiebra era exclusivamente por el fundamento de que Vázquez, mientras fué insolvente, había tolerado una preferencia sin haberla anulado. Este es el efecto de nuestra decisión en el caso de *Arbona Hnos.* v. *Pabón & Ramírez, supra,* como aparece de los casos citados y especialmente del caso de *Cook* v. *Robinson,* 194 Fed. 785. En otras palabras, que la adjudicación es *res adjudicata,* en cuanto a todas las cuestiones necesariamente resueltas y obligatorias para todos los acreedores. De otro modo, como allí se dijo, cualquier acreedor que obtuviera una preferencia cuando el quebrado era insolvente, podría obligar al síndico (*trustee*) en cada caso independientemente a probar la insolvencia.

Aquí, sin embargo, el síndico admitió que Vázquez era solvente en la fecha en que otorgó el pagaré y hasta la radicación de la demanda por Perales contra él. El efecto de esta admisión, creemos que está en abierto conflicto con la adjudicación y debe ser entendido e interpretado restrictivamente. El mismo título y autoridad del síndico dependía de ser insolvente el quebrado y ninguna admisión suya podía destruir este hecho primordial. Si el embargo contra Cruz Vázquez lo trajo a un estado de quiebra, o si vino a ese estado posteriormente, o antes de que la propiedad fuera vendida, queda en pie el hecho de que la adjudicación de quiebra lo declaró insolvente mientras los procedimientos de embargo estaban pendientes y lo colocó en una situación de no hacer que se anularan cuando era tal insolvente.

La Corte de Distrito de Humacao fundó también en parte su decisión en el precepto de la sección 67 *f* que protege a los compradores de buena fe por valor recibido, que han adquirido sin tener noticia de la situación del quebrado ni mo-

tivo racional para suponerla antes de verificar la compra. La acción en este caso, sin embargo, no es para recobrar la propiedad específica en poder de un comprador de buena fe. El pleito simplemente es para hacer que Perales devuelva la suma de $303.37, etc., que obtuvo por virtud de dicho embargo.

*Debe revocarse la sentencia* y en su lugar dictarse otra a favor del demandante.