## In re KENNEY.

(District Court, S. D. New York. July 7, 1899.)

BANKRUPTCY — DISSOLUTION OF LIENS — SALE UNDER EXECUTION — TITLE OF PURCHASER — PROCEEDS OF SALE.

Under Bankruptcy Act 1898, § 67, cl. f, providing that "all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt," but that "nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value," where, within four months before the filing of a petition in bankruptcy against an insolvent judgment debtor, an execution has been issued and levied, and sale made, the title of one purchasing at such sale in good faith and without notice will not be affected by the subsequent bankruptcy; but the proceeds of the sale, remaining in the sheriff's hands, do not belong to the judgment creditor, but to the estate of the bankrupt, and must be paid over to the trustee when appointed.

In Bankruptcy.

Eugene Kremer, for petitioners.
George Bell, opposed.

BROWN, District Judge. The petition to have Raymond W. Kenney adjudged a bankrupt was filed on April 13, 1899, the act of bankruptcy alleged being, that he had suffered a judgment to be recovered against him by one Clark in the preceding month of March, and had allowed his chattel property to be sold under execution thereunder. On answer and hearing, bankruptcy was adjudged. The sheriff having collected the money upon the execution sale made prior to the filing of the petition, a stay of proceedings was obtained against the payment of the moneys upon the execution by the sheriff, and this stay is now asked to be continued. The stay is opposed by the judgment creditor, who urges that the proceeds are not within the jurisdiction of this court and that they belong to the judgment creditor, citing the cases of In re Easley, 93 Fed. 419; Henkelman v. Smith, 42 Md. 164, 12 N. B. R. 121; and other cases.

I cannot sustain the objection to the stay. The judgment and execution having been obtained and issued but a little more than a month before the filing of the petition, the case falls within the express provisions of section 67, cl. f, of the present bankruptcy statute, which declares, "that all levies, judgments, or other liens obtained through legal proceedings" in such case "shall be deemed null and void in case he is adjudged a bankrupt." The latter part of this section provides "that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy of the bona fide purchaser for value." This proviso leaves no doubt of the intent of this section. A "title" could only be "obtained by a levy" through a sale under the levy; and the proviso means that the bona fide purchaser's title shall not be impaired by the fact that as against all other persons the levy is to be deemed "null and void," in case the defendant is adjudged a bankrupt. The proviso is for

the protection of the bona fide purchaser only; and it clearly shows that the intent of the section is to reach out beyond the levy itself, and to make null and void all that is done under the levy, except as to the title of the bona fide purchaser. So far as concerns the judgment creditor, the lien and the levy being null and void, he can take no advantage from it, nor acquire any right to the proceeds. A valid title passing presumptively to the purchaser at the sheriff's sale, the proceeds stand in the sheriff's hands as a mere substitute for the goods, to which the judgment creditor gets no right, but which belong to the bankrupt's estate, as the goods themselves would have belonged but for the sale to a bona fide purchaser.

The provisions of the act of 1867 are so different from those of the present statute on this point as not to be applicable.

The stay is continued, and an order may be taken directing the payment of the moneys to the trustee when appointed.