## In re KENNEY.

(District Court, S. D. New York. November 14, 1899.)

1. BANKRUPTCY—DISSOLUTION OF LIENS—PROCEEDS OF EXECUTION.
    Under Bankr. Act 1898, § 67f, providing that "all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt," where, within four months before the filing of a petition in bankruptcy against an insolvent judgment debtor, an execution has been issued and levied on his personal property, and sale made, the proceeds of such sale remaining in the sheriff's hands at the time of the adjudication, do not belong to the judgment creditor, but to the estate of the bankrupt, and the court of bankruptcy has power and jurisdiction to order the sheriff to pay over such proceeds to the trustee in bankruptcy when appointed.

2. SAME—OBSTRUCTIVE SUITS.
    Where, at the time of an adjudication in bankruptcy, the sheriff held in his hands the proceeds of a sale on execution of the property of the

bankrupt, levied within four months prior to the filing of the petition in bankruptcy, and therefore annulled by the adjudication, and was ordered, after due hearing of all parties concerned, to pay over such proceeds to the trustee when appointed, and thereafter the judgment creditor filed a bill in equity in the United States circuit court to enjoin the sheriff from paying the money to the trustee, and to require him to pay it to complainant, *held*, that such bill was obstructive, and without merits, and an attempt to oust the jurisdiction of the court of bankruptcy, and constituted no reason why the sheriff should not be required to obey the order of the latter court.

**8. SAME—PARTNER AS TO CREDITORS ONLY—INDIVIDUAL PETITION.**

Where no actual partnership exists between two persons, one of whom carries on business in his own name partly on capital loaned by the other, a petition in bankruptcy, based upon liabilities incurred in such business, is properly brought against the ostensible owner of the business alone; and his trustee in bankruptcy will be entitled to the stock in trade, or the proceeds of its sale, without regard to the fact that the person who loaned the capital may have incurred the responsibilities of a partner as regards creditors.

In Bankruptcy.

Stickney, Spencer & Ordway, for trustee in bankruptcy.
George Bell and S. L. Samuels, for judgment creditor.
Philip J. Britt, for sheriff.

BROWN, District Judge. This is mainly a rehearing of the matter decided by me in July last (In re Kenney [D. C.] 95 Fed. 427), upon which an order was entered on July 20th continuing a previous order restraining the sheriff from paying to E. H. Clark, a judgment creditor of the bankrupt, the sum of $12,451.09, the proceeds of a sale on execution of the bankrupt's goods. That order further directed the sheriff to pay those moneys to the trustee of the bankrupt upon his appointment and qualification. The present hearing is upon an application for a resettlement of that order for the purpose of striking out this last clause, on the ground that it was not asked for in the moving papers, and accordingly was not properly considered by opposing counsel on the former motion, and that the order is in fact beyond the authority of the court. The trustee having in the meantime been appointed and qualified, a further application in his behalf has been made on notice to the sheriff and the judgment creditor, for an order directing the sheriff to pay over the proceeds of the execution sale to the trustee, as previously ordered. Both applications were directed to be heard together.

The objections made to granting the order asked for are principally those raised upon the previous hearing, although they are now more fully elaborated in the briefs submitted, and some further objections are presented requiring consideration.

The petition in involuntary bankruptcy was filed April 13, 1899, and the defendant interposed an answer denying insolvency and the act of bankruptcy alleged. Upon the trial of the issue by the court, although the main facts were found as alleged, an amendment of the petition by the introduction of an additional petitioning creditor was deemed expedient, and an additional creditor having thereafter joined in the petition and further objections thereto being

withdrawn by the defendant, he was adjudged a bankrupt on the 12th of July.

The defendant was in the fur business in this city, and on March 6, 1899, judgment was recovered against him in the state supreme court by E. H. Clark for the sum of $20,906.66. On the same day execution thereon was issued to the sheriff, under which on March 15th the defendant's stock of goods was sold by the sheriff, realizing the net proceeds of $12,451.09. On April 13th after the filing of the involuntary petition in bankruptcy, the petitioning creditors obtained an order directing the sheriff and said Clark, the judgment creditor, to show cause before this court on April 18th why the sheriff should not be enjoined from paying over any portion of the proceeds of sale until the appointment of a trustee, or the further order of the court; and "why the petitioners should not have such further or different order or relief in the premises as to the court shall seem meet." By this order the sheriff was also restrained from paying over the proceeds until the hearing and decision of the order to show cause. The hearing on this order was postponed by consent of the parties from time to time until the decision of the court on the question of the adjudication in bankruptcy, whereupon the question of a stay was argued and submitted by counsel for the petitioning creditors and by counsel for Clark, the judgment creditor. The latter also submitted an affidavit, dated July 5th, from which it appeared that one Leon Abbett had commenced an action in the supreme court against Clark, Kenney and the sheriff, to declare Clark's judgment fraudulent and void, and that a temporary injunction had been therein obtained against the sheriff restraining him from paying Clark the proceeds of said sale, and that this injunction had been vacated on the day the petition in bankruptcy was filed. In the brief then submitted in behalf of Mr. Clark, it was argued that the proceeds of the sale in the sheriff's hands had become the property of Mr. Clark, the judgment creditor, and were no part of the bankrupt's estate over which the court had jurisdiction; that section 67 applies only to pending process and not to consummated process or executed process, and that property held adversely by third parties cannot be taken from them except by a plenary suit. In this hearing on the merits, the notice of motion for further relief was sufficient for the order made, if that order was correct.

1. There is no doubt that by the law of this state, moneys collected by a sheriff through a sale on execution are in a certain sense the property of the plaintiff, provided the proceedings are valid (Nelson v. Kerr, 59 N. Y. 224; Bank v. Eltinge, 40 N. Y. 391, 395; Wehle v. Conner, 83 N. Y. 231), but not completely so, nor subject to levy against him until paid over (Baker v. Kenworthy, 41 N. Y. 215; Turner v. Fendall, 1 Cranch, 134). But the execution creditor is not entitled to the specific moneys, nor can he maintain any action against the sheriff for not paying them over, until either the return day of the writ of execution has passed, or the sheriff has made return of the writ. Not until then can the creditor have either possession, or the right of possession. The sheriff is not the mere agent of the creditor, but an officer of the law as well, who may pay the

money into court along with the return of the writ. Nelson v. Kerr, supra; Turner v. Fendall, 1 Cranch, 134–137.

Under the act of 1867, and under the present act except for the provisions of section 67, the right of the execution creditor to recover these moneys could not have been interfered with in the present case; but since the passage of the act of 1898, every judgment creditor issuing execution and procuring a levy and sale, does so subject to the contingency that his proceedings may be nullified and all the lien or preference that he might otherwise acquire be avoided by a petition in bankruptcy filed against the debtor within four months, followed by an adjudication. Subdivision f of section 67 provides not only that the levy, execution, etc., in that case shall be deemed null and void, but that the property affected by the levy shall be deemed wholly discharged and released from the same, and shall pass to the trustee; and further that

"The court may order the right under such levy to be preserved for the benefit of the estate, and such conveyance thereof to be made as shall be necessary;"

Provided that nothing therein shall destroy or impair the title obtained by such a levy, by the bona fide purchaser for value. This provision, as observed in the previous decision, shows incontestably, as it seems to me, that no preference can be acquired by a levy and sale within four months of filing the petition in bankruptcy; but that though the bona fide purchaser at the sale will be protected, the proceeds must stand in lieu of the property sold (In re Franks [D. C.] 95 Fed. 635); and that the judgment creditor's "right under such levy" will pass to the trustee in bankruptcy. By the terms of the act, moreover, the court is expressly authorized to order the "right" of the judgment creditor "under the levy" to be transferred and conveyed to the trustee. This is properly accomplished by ordering the sheriff to pay over the proceeds. In re Fellerath (D. C.) 95 Fed. 121.

Against these clear provisions of section 67, the objection that these moneys belong to the judgment creditor and that the court has no power or authority to order the sheriff to pay them over to the trustee, seems to me without force. The cases cited under the act of 1867 are inapplicable, not only in consequence of the different express provisions of section 67 of the act of 1898, but because those decisions themselves are limited to cases of third persons in possession of property, who have at least some color of title, or adverse interest. But Mr. Clark, the judgment creditor, at the time the petition in bankruptcy was filed, was not in possession of these proceeds; nor had he then acquired any right of possession; nor could he then have maintained any action against the sheriff for the recovery of the proceeds, since the execution had not been returned, nor had the time for returning it expired. Such right as he had previously acquired was not consummated or complete. It is the sheriff, moreover, and not Mr. Clark, who is to pay over these moneys to the trustee, because the sheriff alone is in possession of them. The sheriff has no adverse interest against such payment, and he is not, therefore, within the cases cited. In re

Baudouine (D. C.) 96 Fed. 536. The proceeds represent the bankrupt's property, and before Mr. Clark's title and right to the possession of the money became consummated, the entire basis of his claim was swept away by the petition in bankruptcy and the provisions of section 67f. When the restraining order was made, therefore, Clark, under the law applicable, had not even color of title to these proceeds; and he had neither possession, nor right of possession. To such cases the decisions cited under the act of 1867 have no application. Smith v. Mason, 14 Wall. 419, 20 L. Ed. 748; In re Black, 1 N. B. R. 353, 364, Fed. Cas. No. 1,457.

The decision in the case of In re Easley (D. C.) 93 Fed. 419, was based on the view that section 67f applies only to involuntary petitions; whereas that was a case of a voluntary proceeding. This, on the contrary, is an involuntary proceeding, expressly embraced in clause f of that section. To my previous rulings on these points I must, therefore, adhere.

2. A further objection is raised that Leon Abbett, one of the original petitioning creditors was in reality a partner, at least as respects creditors, in Kenney's business; that Abbett is solvent; that the present proceeding in bankruptcy against Kenney alone upon the liabilities of this business, is, therefore, irregular; that the trustee appointed in this proceeding is a trustee of Kenney individually, and not of the firm of Kenney & Abbett, and that such a trustee is not entitled to the firm assets, from which the moneys in question were derived. Amsinck v. Bean, 22 Wall. 395, 404, 405.

The facts in reference to the relation of Abbett to Kenney were developed upon the trial as to Kenney's insolvency, as above stated, and seem not to have been previously known to creditors. Under an agreement between them dated September 9, 1897, Abbett agreed to permit a debt owing to him by Kenney to remain as an investment in Kenney's business to the amount of $27,828.83, and "at the risk of the business," on the agreement that

"On the 15th day of August, 1902, said Abbett should be entitled to receive, if Kenney's business should prove profitable, in addition to the amount above named a sum equivalent to 10 per cent. of the net profits of the business."

There is no express provision in the contract for the payment of interest, or any other compensation for the use of this money for about five years, except "a sum equivalent to 10 per cent. of the net profits of the said business," as above stated. This is followed by the provision,

"That nothing herein contained shall be deemed, considered or to be construed to constitute a co-partnership between the parties herein, anything contained to the contrary notwithstanding;"

and considering that there is no agreement that Abbett should share in the profits as such, but that the profits were to be merely the measure of his compensation for Kenney's use of the money, or Abbett's forbearance of the debt, I greatly doubt, taking these provisions together, whether the parties to the agreement should be deemed partners even as to creditors. The case seems to be precisely within the decision of Richardson v. Hughitt, 76 N. Y. 55, and subsequent cases, Cassidy v. Hall, 97 N. Y. 159, 169; Hackett

v. Stanley, 115 N. Y. 625, 631, 22 N. E. 745; Bank v. Gallaudet, 122 N. Y. 657, 25 N. E. 909. It is not necessary, however, to decide that question here. Kenney and Abbett certainly were not partners as respects each other; and even if for the purposes of this case it be assumed that Abbett was a partner as respects creditors, his liability as such was only a personal liability to them, and their remedies against him will be in no way affected by this proceeding. The agreement gave Abbett no property interest in the business assets of Kenney, and none of the rights of a partner therein; because by the contract between them all such rights are expressly excluded. In re Pierson, 10 N. B. R. 107, Fed. Cas. No. 11,153. The assets remained the sole property of Kenney. The estate is necessarily the individual estate of Kenney only; and all his debts, whether belonging to his business or outside of it, are alike provable against these assets and all his other property, as one individual estate. Abbett cannot call him to account as a partner and he could not have a receiver appointed in any attempt to wind up Kenney's business. The various provisions of section 5 of the bankruptcy act, as respects partners, show that it has reference to a partnership between the parties, where there may be both joint and individual assets, and not a partnership as to creditors only, without any possible joint estate. See In re Downing, 3 N. B. R. 748, Fed. Cas. No. 4,044.

Even if Abbett, therefore, were assumed to be a partner as to creditors, I think the bankruptcy proceeding in this case was properly brought against Kenney only: (a) Because Kenney alone is the owner of the property; there is but one estate, and that the individual estate of Kenney, and a trustee of Kenney alone could take it; (b) because Abbett has no rights as a partner against Kenney, or in the assets of his business; (c) because the remedy of creditors against Abbett, is a personal remedy only; and (d) their remedies are in no way affected by this bankruptcy proceeding.

3. On the part of the sheriff, it is further objected, that since the former hearing and decision, the judgment creditor, Clark, has filed a bill in equity in the United States circuit court of this circuit against the sheriff and the trustee for the purpose of enjoining the sheriff from paying over the moneys to the trustee and decreeing that they be paid to the complainant, and that the sheriff has been served with a subpœna in equity upon the bill of complaint, against which the sheriff is entitled to protection. The grounds of the suit are the same as those above considered. An affidavit on behalf of the sheriff further states that a suit in the state supreme court has been brought against him and others by said Abbett in reference to said moneys, and that an attachment also against said Kenney in favor of said Abbett, issued out of the supreme court of the state of New York, and executions against said Kenney, were in his hands prior to the filing of the petition in bankruptcy for more than sufficient to exhaust the moneys in his hands.

The attachment and executions last referred to are manifestly subsequent to Clark's execution, and have no color of claim against

the proceeds of sale. As respects the equity suit by Abbett, it is sufficient to say, that with the papers submitted on this motion is a consent by Abbett that the moneys in question be paid to the trustee.

The bill in equity filed by Clark in the United States circuit court, is an obvious attempt to oust this court of its proper jurisdiction, which it had acquired of the subject-matter in controversy prior to the filing of the bill, and which was in due course of adjudication. · The complainant had appeared before this court, as he had a right to do in the defense of his asserted rights, submitted an affidavit, and was fully heard by counsel on the previous hearing, as he has been again heard now. If aggrieved, he had, and still has, a further remedy by appeal, or petition of review on all the points raised. If in any case such a bill could be entertained, no facts seem to justify it here. No preliminary injunction has been obtained or sought; though the case is emphatically one for a preliminary injunction if there were any merits in it. I must regard that suit, therefore, as merely obstructive and without merits, which should not be suffered to delay the enforcement of the statutory right of the trustee to the payment of the moneys in question for the benefit of the general creditors. Even should that suit be ultimately successful, the sheriff would not be harmed thereby, since the judgment would protect him in making payment under the order of this court, by directing the decree to be satisfied by the co-defendant alone, the trustee, who will have received the money. The appeal from this order, which will doubtless be taken, will, moreover, settle all the questions raised by the bill in equity; so that if this order is affirmed, that suit will in effect be also disposed of; while if no appeal be taken, the matter will be res judicata as against the complainant.

An order may be entered directing that the moneys in question be paid to the trustee, to whom all claims of Clark, the judgment creditor under said levy, shall be deemed transferred and conveyed.