# CHARLESTON

McNeel, Trustee, v. Folk.

Submitted September 22, 1914.    Decided October 6, 1914.

1. Bankruptcy—*Recovery of Preference—Pleading and Proof.*
    To entitle a trustee in bankruptcy to recover back money collected by a creditor of the bankrupt by means of a judgment recovered within four months of the filing of the petition in bankruptcy, on the ground that it created a preference voidable under section 60 of the Federal Bankrupt Act, it is his duty to aver and prove that the bankrupt was insolvent at the time the judgment was obtained. (p. 58).

2. Same—*Preference—Presumption of Insolvency.*
    No presumption arises from the adjudication in bankruptcy that the debtor was insolvent at the time the judgment was obtained. (p. 59).

Error to Circuit Court, Pocahontas County.

Action by T. S. McNeel, trustee in bankruptcy, against J. F. Folk. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Price, Osenton & Horan,* for plaintiff in error.

*E. B. Jones* and *F. R. Hill,* for defendant in error.

WILLIAMS, JUDGE:

T. S. McNeel, trustee in bankruptcy, brought this action to recover of J. S. Folk, a creditor of the bankrupt, money collected by him on a judgment rendered against the bankrupt within four months of the filing of the petition in bankruptcy. The trial resulted in a judgment for defendant, and plaintiff is prosecuting this writ of error.

Folk sued out an attachment against W. W. Whitehill, who was later adjudged a bankrupt, on the alleged ground that he was converting or was about to convert his property into money or securities with intent to defraud his creditors, and had it levied on the debtor's personal property on the 30th day of March, 1910, and also caused him to be personally served with summons. On the 8th of June, 1910, the court rendered personal judgment against the debtor for $360.81 and also judgment on the attachment and directed the sheriff to sell the attached property and apply the proceeds to the payment of plaintiff's debt. The property was sold and the proceeds paid over to Folk on the 25th day of June, 1910. On the 29th of June, 1910, a petition in bankruptcy was filed against said Whitehill by certain of his creditors, and on the 2nd of August, 1910, he was adjudged a bankrupt. Both the attachment lien and the judgment were obtained within four months of the filing of the petition in bankruptcy, and for the purposes of this case they may be regarded as one and the same thing.

Counsel for the trustee insists that Folk thereby acquired a preference over the other creditors of the bankrupt, voidable under section 60 of the Bankrupt Act. It is not proven that the bankrupt was insolvent at the time Folk recovered his judgment. At the time Folk sued him, Whitehill appears from the evidence to have been carrying on a prosperous business in the manufacture and sale of lumber at Durbin in Pocahontas county, and to have had good credit. He was a single man and does not appear to have lived extravagantly. It does appear, however, that after shipping nearly all his

75 W. Va.

lumber, he suddenly departed, no one knew where, leaving many of his debts unpaid. His conduct is evidence of fraud, but it is not proof of insolvency. He may have had sufficient assets to pay his debts and may have concealed them. To entitle the trustee to recover in this action it was necessary for him to aver and prove that the bankrupt was insolvent at the time the alleged preference was obtained. 1 Loveland on Bankruptcy, (4th ed.), 984; 1 Remington on Bankruptcy, Sec. 1346; *In re Gilbert,* 112 Fed. 951; *In re Chappell,* 113 Fed. 545; *Hobart* v. *Pranke,* 91 Minn. 204; *Kimball* v. *Dresser,* 98 Me. 511. Section 60 of the Bankrupt Act defines a preference as follows: "A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

"The burden of proof is on a trustee in bankruptcy seeking to avoid as a preference a transfer of property made by a bankrupt to prove by sufficient evidence that the bankrupt (1) while insolvent (2) within four months of the bankruptcy (3) made the transfer in question; (4) that the creditor receiving the transfer will be thereby enabled to obtain a greater percentage of his debt than other creditors of the same class; and (5) that the creditor receiving the transfer had reasonable cause to believe that it was thereby intended to give a preference." *Kimmerle* v. *Farr,* 189 Fed. 295; 26 Am. B. R. 818.

No presumption arises from the adjudication in bankruptcy, that Whitehill was insolvent at the time Folk obtained his judgment. 1 Loveland on Bankruptcy, 985; 1 Remington on Bankruptcy, Sec. 1776; and cases above cited.

The judgment is affirmed.

*Affirmed.*