In re Morales and Rodriguez.

# IN RE MARCELINO MORALES AND FERNANDA RODRIGUEZ, Bankrupts.

## ON CERTIFICATE OF REFEREE T. E. LEE.

Ponce, Bankruptcy, No. 47.

### CONTROL OF GOODS IN HANDS OF BAILEE OF LOCAL COURT.

Bankruptcy—Jurisdiction of Federal and Local Courts—Injunction.

     1. The Federal court has exclusive jurisdiction in bankruptcy cases, and may enjoin the local courts from proceeding further in a matter pending therein when it relates to the bankrupt's estate.

Bankruptcy—Jurisdiction of Federal and Local Courts—Authority of Federal Court over Property of the Bankrupt.

     2, 3. From the time the adjudication in bankruptcy is made, the power of the local courts over the property of the bankrupt is taken away and the Federal court may order the custodian thereof to turn it over to its marshal, and a disobedience of the order would amount to a contempt of court.

Bankruptcy—Proceedings in Local Court.

     4. The most that a local court can do. in bankruptcy matters is to enter an order staying all further proceedings before it during the pendency of the bankruptcy proceedings in the Federal court.

Opinion filed June 29, 1916.

HAMILTON, Judge, delivered the following opinion:

The bankrupts herein were so adjudged on March 30, 1916,

---

NOTE.—As to contempt by failure or ·refusal of bankrupt, or person having money or property belonging to a bankrupt, to deliver it to trustee, see note in 23 L.R.A.(N.S.) 255.

In re Morales and Rodriguez.

and reference had to T. E. Lee, referee in bankruptcy at Ponce. The first meeting of creditors was held on the 18th day of May, and Agustin Blasini was duly appointed trustee, and qualified.

Attachment proceedings against bankrupt Fernanda Rodriguez had been commenced in the municipal court of Ponce prior to the filing of the petition, and the marshal of that court took certain goods into possession. The referee, upon the qualification of the trustee, addressed the municipal judge, requesting him to instruct the marshal of the municipal court to deliver the attached property to the trustee. The municipal judge, Hon. F. B. Fornaris, replied that the trustee should appear in the municipal court and state his claim, which would be passed upon after hearing the party to whom the attachment was granted. The referee thereupon again addressed the municipal judge, calling his attention to § 67 (f) of the Bankruptcy Act and the case of Clarke v. Larremore, 188 U. S. 486, 47 L. ed. 555, 23 Sup. Ct. Rep. 363. Although not in the file, it seems that the municipal judge afterwards replied, reiterating in effect his previous view that the trustee should appear before him and make his claim. The question now comes up as to the proper procedure under the circumstances.

This court has always desired to proceed in perfect harmony with the local courts, and indeed considers all courts, Federal and Insular, as constituting one system under the Constitution and Laws of the United States, and local laws made in pursuance thereof. It does not doubt that the municipal judge at Ponce entertains the same views.

The subject of bankruptcy is by express constitutional provision placed in the hands of the Congress of the United States, and the Bankruptcy Law is necessarily exclusive in whatever it

In re Morales and Rodriguez.

covers. The execution of this law is by its provisions confided to the Federal district courts and review proceedings in the circuit court of appeals and the Supreme Court of the United States. There is a class of cases in which the trustee may proceed in the local courts for the collection of assets, but this is not such a case, and so this provision need not be considered. The immediate question is, what is the proper procedure when prior to the bankruptcy a local attachment has placed property of the bankrupt in the hands of a depository or custodian? There would seem to be three possible modes of reaching the end in view: (1) The district court, which has exclusive jurisdiction, can proceed through the local court, either requesting or directing it to have the property turned over; (2) The trustee in bankruptcy can appear in the local court, and by motion or otherwise secure the desired result; (3) The district court can make the necessary order directed to the custodian himself.

1. It is true that the Federal court can, under § 265 of the Judicial Code, make all necessary orders in bankruptcy cases, even to enjoining local courts, which in other cases is forbidden. But it would not appear that this is the preferable course in the case under consideration. If the local court for any reason did not think it should make the order, there would ensue a conflict of jurisdiction, which is to be avoided in all cases where possible. Besides, it is far from the wish of this court to assume or to be put in the position of giving orders to another court. The statute does not require this, and it might very readily produce friction between courts and judges. The Federal district court is not superior to the municipal court, or to any other court acting within its jurisdiction. The Federal court merely has, for instance in bankruptcy proceedings, a jurisdiction which the local

In re Morales and Rodriguez.

courts do not possess. This court has no wish to issue any order, and should not make any request unless it could issue an order, to another court. This court has a number of times held that it does not consider itself superior to any other court, local, or of any other character, acting within its proper jurisdiction. It therefore would not and could not issue anything in the nature of a mandamus to another court directing it to do a particular act. The law restricts its power to injunction in bankruptcy where another court exceeds its jurisdiction.

2. The same reasoning will apply, even in a stronger degree, to the course suggested by the municipal judge,—that is to say, that the trustee in bankruptcy, and officer of the Federal court, should appear before a local court and submit himself to its jurisdiction by claiming the goods in question. This would leave the matter to the discretion of the local court, and the local court is not vested by law with such discretion. From the time that the petition, or certainly the adjudication, is made, the power of the local court over the property of the bankrupt is entirely taken away. It is true it would revive if the bankruptcy fell through, but that has not occurred in this case, and would very seldom occur in practice. The result of the course now under consideration would be that the local court could, at some time governed by its own rules, pass upon the application, and possibly deny it, and its order would be subject to appeal or review by the local supreme court. Such a delay could not be entertained. The theory of the Bankruptcy Act is that the administration shall be short and inexpensive, and to effect this one particular court is designated for the administration.

3. It would seem that the proper practice is for the bankruptcy court to make an order directing the depositary or cus-

todian to pay the money to the trustee. This was the course pursued in Re Kenney, 95 Fed. 427, and 97 Fed. 555, as affirmed in 188 U. S. 486, 47 L. ed. 555, 23 Sup. Ct. Rep. 363. In that case the order was directed to the local sheriff; and such an order in the case at bar should be directed to the depositary or custodian, or to the local marshal, depending upon where lies the control of the property in question. The certificate of the referee does not make this point clear. Disobedience of this order might amount to a contempt, and in such case would be acted upon by this court in the usual manner.

4. The effect of the above views is that the local courts have no duties to perform under the Bankruptcy Act as such, and that, therefore, no order should be issued to them in the premises. The most that the local court can do in bankruptcy matters is to make an entry staying all further proceedings because of the pendency of bankruptcy proceedings in the Federal court. This attachment case, for instance, practically goes off the local docket. On the other hand, whoever has, or may be supposed to have, property of the bankrupt is amenable to the Federal district court, and this directly, regardless of whether he is an official or not. That issue must be tried in the Federal court in order to avoid the question of conflict of jurisdiction. The custodian for the local marshal, therefore, is in such case not responsible any more to the marshal as such, but to the court which has exclusive jurisdiction of bankruptcy matters. It is true that the Federal court is not infallible. It may make mistakes, but at least every one will there have his day in court, and if he thinks the decision is erroneous can appeal to the circuit court of appeals, which is the same forum to which any issue in a local court would ultimately go.

In re Morales and Rodriguez.

This would appear to be the only way to secure harmony and unity of action in the collection of the assets of a bankrupt. It may be that upon understanding the views of this court, the parties in question will acquiesce, and that it will not be necessary for any order to be made in the premises. This opinion, therefore, will be certified to the referee for such use as may be appropriate, but no order affecting the property or persons in interest will be entered.