[No. 13496.   Department Two.   August 16, 1916.]

MOWBRAY PEARSON COMPANY, *Appellant*, v. GEORGE W. PERSHALL *et al., Respondents.*[1]

EXECUTION—SALE—CONFIRMATION—HOMESTEAD EXEMPTION. The right to a homestead exemption, claimed prior to execution sale, may be considered on objections to confirmation of the sale.

SAME—SALE—CONFIRMATION—EXEMPTIONS—AMENDMENT.   A motion to vacate an execution sale on account of a claimed exemption may be amended at the hearing by pleading insolvency and bankruptcy proceedings in which the property in question had been set off as exempt.

BANKRUPTCY — LIENS — AVOIDANCE — INSOLVENCY—EXECUTION—SALE—CONFIRMATION.  It is a good objection to the confirmation of an execution sale to the judgment creditor, upon a judgment recovered in June, that while the confirmation was still pending the debtor had been adjudged insolvent at all times since the suit, in bankruptcy proceedings instituted in August, and the property in question set off to him as exempt; in view of § 67f of the Bankruptcy Act avoiding all liens against insolvents acquired within four months preceding the petition.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered April 16, 1915, upon findings in favor of the defendants, vacating an execution sale, upon objections to confirmation.   Affirmed.

*Robinson & McHugh*, for appellant.

BAUSMAN, J.—Appellant, suing the Pershalls in May with attachment of real estate, got judgment by default in June and a certificate of sheriff's sale to itself as purchaser in July.   Just before this last, the husband Pershall filed a declaration of homestead exemption, not bringing which to the appellant's attention, he moved with that as a basis, after the sheriff's satisfaction of judgment, to vacate the sale. Later he amended his motion, while confirmation of sale was still undetermined, showing that, during the whole of May

[1]Reported in 159 Pac. 682.

and at all times since, he had been insolvent, and that in August he had filed a petition in bankruptcy in the Federal court where, this property being listed, it had been set off to him as exempt. These allegations were not controverted.

To consider the homestead exemption against confirmation of sale was proper. *Stark Bros. v. Royce*, 44 Wash. 287, 294, 87 Pac. 340, following *Waldron v. Kineth*, 41 Wash. 459, 84 Pac. 16, 111 Am. St. 1022. Nor was it beyond a wise discretion to permit the amendment.

Under § 67f of the Bankruptcy Act, if a man be adjudged insolvent, all liens shall be void that are acquired within four months preceding his petition. Those liens only are excepted which, unlike this, are established against a debtor not insolvent at their date. *Stone-Ordean-Wells Co. v. Mark*, 227 Fed. 975.

One other exception is possible under *Clarke v. Larremore*, 188 U. S. 486. In that case the creditor on a judgment recovered within the four months had caused chattels to be sold but had not yet received the proceeds from the sheriff. Holding that these stood for the lien, the court would not allow an exception to the statute merely because the lien had been merged into sale, saying that the "nullity created during the four months' period related back to the time of the entry of the judgment and affected that and all subsequent proceedings." The exception that the court did consider possible but would not announce, might have arisen, it was said, if the writ had been fully executed by the sheriff's delivering the proceeds to the execution creditor.

Can appellant here bring itself within such an exception? To begin with, it is itself the purchaser and perhaps not within the suggested exception for that reason; but passing that, notwithstanding it has satisfied the judgment, the sale has not been confirmed, whereas in the *Larremore* case, the sale of chattels would have been complete upon mere delivery of the proceeds by the sheriff. Here the sale was ineffectual

without confirmation, the satisfaction of judgment not bind-ing on the purchasing plaintiff if that should be refused. The control of the process, in short, had not passed beyond the court. Moreover, there was the sheriff's deed yet to be given after the period of redemption. What the sheriff had thus far given the purchasing plaintiff was but a certificate so little equal to a deed that, if the debtor should redeem, he would not need a return conveyance from the sheriff but the mere cancellation of this, the title never having passed out of him and the whole thing to be readjusted in the files of the same case. Until confirmation, at least, this property not being the purchaser's, it was just as much subject to the bankruptcy act as the proceeds in the *Larremore* case.

We need not discuss the effect upon this creditor of the bankruptcy court's order of exemption, for appellant, on its own showing, whether the property be exempt or nonexempt, has no interest in it, nothing enforceable against the debtor.

The order vacating the sale is affirmed.

MORRIS, C. J., HOLCOMB, MAIN, and PARKER, JJ., concur.