### Farmers' National Bank v. Slaton, Trustee of Hustler Publishing Company, Bankrupt.

(Decided May 24, 1918.)

### Appeal from Hopkins Circuit Court.

1.  Bankruptcy—Attaching Creditor—When Trustee Not Entitled to Recover.—A trustee in bankruptcy is not entitled to a recovery under sub-sections 67c and 67f of the Bankruptcy Act of 1898, s amended by Act 1910, in a case where a creditor has sued out an attachment, reduced it to judgment, and received payment of his debt before the institution of the proceedings in bankruptcy, provided the debtor was not insolvent at the time of the suing out of the attachment even though the same be done within four months next before the filing of the petition in bankruptcy.

2.  Bankruptcy—Pleading—Demurrer.—Where the petition in an action alleges insolvency and a fraudulent attempt on the part of the defendant to obtain a preference and the fraudulent acquiescence of the debtor to permit such preference, and these allegations be traversed by answer, a general demurrer to the answer should be overruled and this notwithstanding the answer admits that the money was obtained within the four months before the filing of the petition in bankruptcy.

LAFFOON & WADDILL for appellant.

J. W. POWELL for appellee.

Opinion of the Court by Judge Sampson—Reversing.

The Farmers Bank instituted an action and sued out an attachment against the Hustler Publishing Company, incorporated, to recover seven hundred seventy-eight ($778.00) dollars, and interest. A fund belonging to the Hustler Company was garnished in hands of the Master Commissioner and held under the attachment. At a subsequent term of the court the bank recovered judgment against the publishing company for the amount of its debt, interest and cost, and a sufficiency of the attached fund was applied to the satisfaction of the judgment.

That action was instituted by the bank against the publishing company on March 2nd, 1916. Judgment was recovered May 13th, and it was satisfied May 27th of the same year, and the action was stricken from the docket at said time. The publishing company at that time owed certain other debts and owned a limited amount of property, besides some bills receivable, including one hundred eleven dollars, balance in the hands of the Master Commissioner. On June 22nd following a petition in bankruptcy was filed in the Federal court against the Hustler Publishing Company, and on the 11th of July the publishing company was duly adjudged a bankrupt, and shortly thereafter at a meeting of the creditors of the publishing company, appellee Slaton was elected trustee in bankruptcy and directed to institute an action in the Hopkins circuit court to recover of the Farmers National Bank the sum it had obtained under its attachment lien in the suit above mentioned, on the ground that the attachment was sued out, judgment recovered, and money paid in that action within four months next before the filing of the petition in bankruptcy, all with intention of securing a preference or advantage over other creditors. Accordingly, on September 15th, 1916, after demand, Slaton, as trustee, commenced this action against the bank to recover eight hundred seventy-eight dollars and interest. The action by the trustee is based upon section 67c and section 67f of the bankruptcy act of 1898, as amended by Act of 1910. Section 67c reads as follows:

"A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four

months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt, if (1) it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference; or (2) the party or parties to be benefited thereby had reasonable cause to believe the defendant was insolvent and in contemplation of bankruptcy; or (3) that such lien was sought and permitted in fraud of the provisions of this act.''

The language of section 67f so far as applicable is as follows:

''That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is *insolvent,* at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustees as a part of the estate of the bankrupt.''

From these provisions of the act, it is manifest that a recovery can be had only when the debtor is insolvent at the time the recovery is had under the lien, attachment or judgment and money paid. If the debtor is solvent at the time the judgment, lien or attachment is obtained, but afterwards and within four months becomes insolvent and is adjudged a bankrupt the lien is not dissolved or released by a judgment in bankruptcy, provided the lien was not sought or permitted in fraud of the bankruptcy act. In this action it is charged in the petition that the attachment sued out by the bank was instituted and prosecuted by the bank and acquiesced in by the publishing company with the fraudulent intention to obtain and allow a preference to the bank over other creditors. These allegations, however, are traversed by the bank. The answer does admit that it brought the attachment suit, obtained judgment thereon, and recovered the amount of money for which this action was instituted, but it put in issue all other allegations of the petition, including the charge of the insolvency of the publishing company, and all effort, attempt, or permission to obtain a preference. To this answer filed by the bank, the trustee interposed a gen-

eral demurrer, which was sustained, and the bank declining to plead further the court granted the prayer of the petition and adjudged the trustee entitled to recover of the bank the sum sought.

The mere fact that a judgment was obtained within four months of the filing of the petition in bankruptcy, enforcing an attachment lien of itself does not render a creditor liable to respond to the trustee in an action of this character, unless the debtor was insolvent at the time, or there was fraud which was intended to and which did in fact work a preference. In order. that a lien obtained by an attachment or other legal proceeding shall be dissolved by adjudication in bankruptcy against the debtor, it is essential that the debtor should have been *insolvent* at the time when such lien was obtained. 7 Corpus Juris 197.

It may further be said that by the provisions of the bankruptcy act above quoted, the trustee does not appear to be entitled to have a recovery where the attachment lien has been reduced to judgment and the sum has been fully satisfied before the filing of the petition in bankruptcy, except where the debtor was actually *insolvent* at the time the attachment was levied or enforced within four months before the commencement of the bankruptcy proceeding. The text on page 200, 7th Corpus Juris, says:

"Where a lien obtained through legal proceedings has merged into a complete title, such title is not defeated by a subsequent adjudication of bankruptcy against the defendant in such proceedings; and so, where property has been sold under execution, the title of the purchaser is not affected by an adjudication of bankruptcy against the judgment debtor, although the petition on which such adjudication was based was filed within four months after the rendition of the judgment, and although the judgment creditor was the purchaser at the sale, unless a remedy can be found under some provision of the bankruptcy act other than those now under consideration."

In Brandenburg on Bankruptcy the principle is laid down that when a writ of attachment has been fully executed and proceeds paid over to the creditors before the commencement of the bankruptcy proceedings, the provisions of section 67f bankruptcy law do not apply, and in the same work and others upon the same subject

it is said that a trustee in order to recover a preference must allege and prove that the debtor was then *insolvent,* and that the enforcement of the judgment directing payment of the adjudged proceedings would affect a preference and that the creditor then had reasonable cause to believe so.

Since the answer of the bank in this case put in issue the insolvency of the debtor and also denied any attempt, purpose or effort on the part of the bank, or permission or acquiescence on the part of the publishing company to have or allow a preference to the bank over the other creditors as well as a denial of the existence of a preference, we are constrained to the opinion that the answer stated a sufficient defense and the general demurrer should have been overruled.

For this reason the judgment is reversed for proceedings consistent with this opinion.