**B. F. GOODRICH RUBBER CO. v. VALLEY PLUMBING & SUPPLY CO. et al. (No. 121.)**

(Court of Civil Appeals of Texas. Waco. Dec. 4, 1924. Rehearing Denied Jan. 8, 1925.)

**1. Sheriffs and constables ⬉106—No right to recover for officer's failure to levy execution unless injury results.**

Primary object of Rev. St. art. 3776, being to give compensation to plaintiff in execution for injury from default of officer in refusing to levy and sell property liable to execution, when no injury has been sustained, no right to recover exists.

**2. Sheriffs and constables ⬉169—Failure to levy on and sell property liable to execution renders sheriff and sureties prima facie liable.**

Failure of officer to levy on and sell property liable to execution when same might have been done, renders him and sureties prima facie liable to plaintiff in execution for debt, interest, and costs, and burden is on officer to overcome case by showing that nothing could have been collected by proper official diligence.

**3. Sheriffs and constables ⬉106—Mere insolvency of defendant in execution will not absolve officer refusing or failing to make levy.**

Mere insolvency of defendant in execution is insufficient to absolve officer, under Rev. St. art. 3776, from liability for failure or refusal to levy on property justly liable to execution, it being incumbent that officer show that there was no property belonging to defendant subject to execution, within his jurisdiction, out of which jurgment could have been made.

**4. Sheriffs and constables ⬉106—That sheriff endeavored to serve creditors' interests in not levying execution, not a defense.**

That sheriff's failure to levy execution in disobedience of instructions from judgment creditors' attorneys was due to debtor's promises of settlement or threats of bankruptcy proceedings, and prompted by sincere desire to serve creditors' interests, and an honest belief that he was doing so, was no defense to action for failing to levy.

**5. Evidence ⬉271(13) — Judgment debtor's manager's statement that bankruptcy would follow levy of execution is self-serving and incompetent.**

Assertion by judgment debtor's manager that levy of execution would immediately result in bankruptcy proceedings was mere self-serving declaration, and incompetent in behalf of sheriff sued for failure to levy execution.

**6. Evidence ⬉317(1), 471(2) — Testimony held hearsay and opinion evidence, and incompetent to show bankruptcy would have followed levy of execution.**

Testimony of judgment debtor's attorney as to debtor's endeavors to obtain loan with which to meet obligations, and what he told sheriff, held hearsay or conclusions of witness and incompetent in action against sheriff to show that prompt levy would have caused bankruptcy proceedings.

**7. Bankruptcy ⬉199—Whether bankruptcy discharged lien of execution depends on solvency of defendant in execution.**

Whether adjudication of bankruptcy on voluntary petition would discharge lien on property created by levy of execution depends on solvency, within Bankruptcy Act, § 1, subd. 15 (U. S. Comp. St. § 9585), of defendant in execution.

**8. Sheriffs and constables ⬉169—Petition and adjudication of bankruptcy held not to establish insolvency of defendant in execution at time execution was placed with sheriff.**

In action under Rev. St. art. 3776, against sheriff and surety for failure to levy execution, subsequent voluntary petition in bankruptcy and adjudication thereon were incompetent as evidence of insolvency at time execution was placed in sheriff's hands; action against sheriff not being created by Bankruptcy Act (U. S. Comp. St. §§ 9585–9656), nor arising in administration of bankrupt's estate.

**9. Bankruptcy ⬉51 — Adjudication of bankruptcy raises no presumption of insolvency prior to filing petition.**

Adjudication of bankruptcy does not raise presumption of insolvency of bankrupt at any time prior to filing of petition.

**10. Sheriffs and constables ⬉169,—Evidence held insufficient to support finding of insolvency of defendant in execution at time execution was placed in sheriff's hands.**

Evidence that sheriff had in his hands ten other executions against same defendant without showing amount thereof, no showing being made that property belonging to defendant in execution on date when execution was placed with sheriff was insufficient to pay defendant's debts, held insufficient to support finding of defendant's insolvency at that time or any time prior to defendant's adjudication as bankrupt.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Dallas County Court; T. A. Work, Judge.

Action by B. F. Goodrich Rubber Company against the Valley Plumbing & Supply Company and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Davis, Johnson & Handley, of Dallas, for appellant.

R. L. Stennis, of Dallas, for appellees.

GALLAGHER, C. J. This suit originated in the county court at law of Dallas county in the form of a summary proceeding by appellant, B. F. Goodrich Rubber Company, against appellees W. T. Vann, sheriff of Cameron county, Tex., and American Surety Company of New York, surety on his official bond, to recover the amount of a judgment recovered by appellant in said court against the said Valley Plumbing & Supply Company, a corporation, in the sum of $976.03. Appellant was plaintiff in said proceeding, and will be so designated here, and said sheriff, appellee herein, will be designated as "the sheriff." Plaintiff alleged as the ground for the recovery sought in these proceedings that the said sheriff had failed to levy upon the property of the defendant in execution a certain alias execution issued out of said court on the judgment aforesaid, and that he had failed to sell such property, and had failed to return said execution within the time specified therefor, and sought to hold the sheriff and his bondsman liable for the amount of said judgment under and by virtue of the provisions of articles 3776 and 3777, Revised Statutes of the state of Texas.

The sheriff and his bondsman alleged in defense of plaintiff's demand that said Valley Plumbing & Supply Company defendant in execution, was insolvent at the time the sheriff received said execution and remained insolvent continuously thereafter, and that a prompt levy and a prompt attempt to advertise and sell the property so levied on would not have resulted in the collection of any sum whatever in satisfaction of said execution, because said defendant in execution shortly thereafter was duly adjudged a bankrupt.

The case was tried before the court, and resulted in a judgment in favor of the sheriff and his bondsman. Plaintiff requested the court to file conclusions of fact and law, and such request was complied with. The case is before us for review on appeal.

Plaintiff recovered said judgment against said Valley Plumbing & Supply Company on January 6, 1922. An alias execution thereon, together with an indemnity bond, was placed in the hands of the sheriff on February 13, 1922. No complaint was made of the sufficiency of said indemnity bond. At the time said execution was placed in the hands of the sheriff he was instructed by letter from plaintiff's attorneys to levy the same immediately upon the stock of goods, wares, and merchandise of the defendant in execution in its possession in the city of Brownsville. Plaintiff's attorneys, on February 21, by telegram, and on February 24, by telegram and by letter to the sheriff, insisted on an immediate levy, and on March 2 telegraphed inquiring what had been done. On March 4th the sheriff telegraphed the said attorneys as follows:

"I closed the doors of the Valley Plumbing & Supply Company this evening at four o'clock."

Plaintiff's attorneys, on March 6th, advised the sheriff by telegram that they presumed the property levied on would be sold in due course after proper advertising, and asked for a copy of notice of sale, and an accurate description of the property levied upon. On March 13th plaintiff's attorneys telegraphed the sheriff that he had not furnished list of the property levied on nor date of sale, and asked that he wire date of sale at once. On March 16th, plaintiff's attorneys telegraphed the sheriff as follows:

"We are looking to you and your bondsmen for any damages resulting from your negligence and inactivity in case Goodrich Rubber against Valley Plumbing Company, and unless you do something definite at once we will begin action against you."

To this telegram the sheriff on March 17th replied as follows:

"Valley Plumbing & Supply Company going into bankruptcy today or tomorrow. I did not advertise to save the creditors expense. There about ten executions with bonds ahead of yours in my hands. Act if you think it proper."

The Valley Plumbing & Supply Company, on March 29, 1922, filed a voluntary petition in bankruptcy, and it was, on the same day, duly adjudged a bankrupt. On May 24, 1922, the sheriff returned the execution to appellant's attorneys, with the following return indorsed thereon:

"Came to hand on the 13th day of February, A. D. 1922, at 12 o'clock m., and executed by forthwith and on numerous occasions demanding payment of the Valley Plumbing & Supply Company of said judgment, and on the 4th day of March, 1922, at 4 o'clock p. m. by levying upon all the property of the Valley Plumbing & Supply Company found in Cameron County, Tex., and said levy and sale thereunder was stopped by Judge Ira Webster, referee in bankruptcy."

[1] No order of the referee staying said execution or any sale thereunder was introduced in evidence. Since whatever injury, if any, suffered by plaintiff resulted from the failure of the sheriff to promptly levy said execution, and promptly advertise and sell the property levied on, and not from failure

to return said execution within the time allowed by law, we will confine our discussion to the question of the liability of the sheriff for such failure to promptly levy, advertise, and sell. The duty to promptly levy an execution upon the property of the defendant therein, and to promptly sell such property in satisfaction of such execution, is imposed by article 3776 of the Revised Statutes, which article is as follows:

"Should an officer fail or refuse to levy upon or sell any property justly liable to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days' previous notice thereof being given to said officer and his sureties."

[2, 3] Our Supreme Court has declared that the primary object of this statute is to give compensation to the plaintiff in execution for any injury suffered by him on account of the default of the officer, and that, when no such injury has been sustained, no right to recover exists. The failure of the officer to discharge his duty in the premises renders him and his sureties prima facie liable to the plaintiff in execution for the full amount of his debt, interest, and costs, and the burden is on the officer to overcome such prima facie case by showing that nothing could have been collected on such execution by proper official diligence. Smith v. Perry, 18 Tex. 510, 511, 70 Am. Dec. 295; Vaughan v. Warnell, 28 Tex. 119; Griswold v. Chandler, 22 Tex. 637, 640; Ellis v. Blanks (Tex. Civ. App.) 25 S. W. 309, 310. Mere insolvency of the defendant in execution, within the ordinary meaning of that term, is not sufficient to absolve the officer. He should show that there was no property belonging to the defendant subject to execution within his official jurisdiction out of which plaintiff's judgment, or any part thereof, could have been made. Griswold v. Chandler, supra; Ellis v. Blanks, supra; Hale v. Bickett, 34 Tex. Civ. App. 369, 78 S. W. 531. That the Valley Plumbing & Supply Company, defendant in execution in this case, had property subject to execution in Cameron county is not denied. So the defense relied upon must be sustained, if sustained at all, by the sufficiency of the attempted showing that no part of plaintiff's judgment could have been made out of such property by a prompt levy upon the same and a prompt sale thereof. Such attempted showing consists of a contention of fact that an immediate levy of said execution and prompt action in advertising the sale of the property levied upon would have resulted in the immediate filing by the defendant in execution of a voluntary petition in bankruptcy, and a contention of law that the filing of such petition and adjudication thereon would necessarily have discharged the property levied upon from any lien arising from such levy, and that such property would have necessarily passed to the trustee of the estate of the bankrupt when appointed and qualified, free and discharged of any claim upon the same on the part of the plaintiff by reason of such levy.

The proof submitted in support of said contention of fact consisted in substance of the testimony of the chief deputy in the office of the sheriff that said execution was presented to one Mr. Rowe, manager of the defendant in execution; that he promised to settle as soon as he made certain collections, and that he showed in connection with such promise books containing accounts which he claimed he expected to collect; that both Mr. Rowe and one Mr. Holland, attorney for defendant in execution, stated that the levy of said execution would force it into bankruptcy; that the sheriff thought he stood a better chance of collecting plaintiff's judgment by not making a levy; that repeated demands for settlement were made upon Mr. Rowe, and that he continually promised to settle if given time, and to also settle other executions, some ten in number, then in the hands of the sheriff; that the sale was not advertised at once after the levy was made because a settlement was expected; that before the property levied on was advertised for sale, defendant had filed a petition in bankruptcy, and that Mr. Holland advised him that advertising would be useless expense and any sale of said property would be invalid. Such proof further consisted of the testimony of said Mr. Holland. He corroborated the testimony of said chief deputy sheriff in the main, and also testified that Mr. Rowe was endeavoring to obtain a loan from private individuals with which to meet his obligations; that he told the sheriff of this plan to obtain additional funds to liquidate the debts of the defendant in execution, and that if left alone it would be able to work out this plan, and that all creditors would receive the full amount due them; that levy of plaintiff's execution would prevent said loan and force the concern into bankruptcy; that all he knew about the matter was gained from conversations with Mr. Rowe and with said sheriff; that the levy finally made precipitated bankruptcy proceedings, because immediately after such levy other levies were made; that the assets of the company were immediately turned over to the referee in bankruptcy; that had such levy been made at any time prior the result would have been exactly the same, and other creditors would have taken action immediately; that, in his judgment, if plaintiff had waited as it was requested to wait, it and other creditors would, in time, have received the full amount of their several debts.

[4-6] Practically all the above testimony

was admitted over objection by plaintiff that it was a conclusion of the witness, hearsay, immaterial, irrelevant, and incompetent. Mr. Rowe did not testify. It was not shown that Mr. Holland had either power or authority to determine whether the defendant in execution should file a voluntary petition to be adjudged a bankrupt or not, nor that he was anything other than merely its legal adviser. So far as said testimony tended to show that the sheriff's disobedience of the instructions given him by plaintiff's attorneys was induced by promises of settlement made by the defendant in execution, or by its threat of bankruptcy proceedings, and that such disobedience was prompted by a sincere desire to serve the best interests of plaintiff, and an honest belief that he was doing so by failing to levy and advertise, the same was wholly immaterial and constituted no defense in this case. The proceeding was under the statute, and no exemplary damages were claimed. So far as such testimony consisted of a prediction or assertion by the manager of defendant in execution that bankruptcy proceedings would be the immediate result of a levy, the same was merely a self-serving declaration for the apparent purpose of gaining further time, and was therefore incompetent as evidence to establish that such proceedings would have in fact resulted. So far as the testimony of Mr. Holland is concerned, it consisted partly of hearsay and partly of his own conclusions drawn from facts existing at the time. What really actuated the defendant in execution in going into bankruptcy and in selecting the time therefor was not shown, except by the opinion of its said attorney. Some six weeks elapsed from the time said execution was placed in the hands of the sheriff before said petition in bankruptcy was filed. Whether a voluntary petition would have been sooner filed if the levy had been sooner made or the property had been promptly advertised for sale, was not shown by any competent evidence.

[7] The fact that the defendant in execution was on March 29th adjudged a bankrupt on a voluntary petition would not necessarily have discharged the lien created by the levy of plaintiff's execution on its property. Whether it would have had such effect or not depends, according to the great weight of authority, on the solvency or insolvency of the defendant in execution at such time. 2 Collier on Bankruptcy (13th Ed.) p. 1584; W. S. Danby Millinery Co. v. Dogan, 47 Tex. Civ. App. 323, 105 S. W. 337; Stone-Ordean-Wells Co. v. Mark, 227 F. 975, 142 C. C. A. 433; Martin v. Oliver, 260 F. 89, 171 C. C. A. 125; In re Ann Arbor Mach. Co. (D. C.) 278 F. 749; Mowbray-Pearson Co. v. Pershall, 92 Wash. 516, 159 P. 682; Farmers' Nat. Bank v. Slaton, 180 Ky. 700, 203 S. W. 565; Keystone Brewing Co. v. Schermer, 241 Pa. 361, 88 A. 657; D. C. Wise Coal Co. v. Columbia

Zinc & Lead Co., 157 Mo. App. 315, 138 S. W. 67. We do not consider that the case of Clarke v. Larremore, 188 U. S. 486, 23 S. Ct. 363, 47 L. Ed. 555, is in conflict with the authorities just cited. In that case the petitioner Clarke was a judgment creditor of Kenney, the bankrupt. He had caused an execution to be levied on the property of the bankrupt, and had caused the same to be sold, and the proceeds of sale were in the hands of the sheriff. Before the sheriff could return the execution and pay the money over to said Clarke, an involuntary petition of bankruptcy was filed against Kenney. The ground of bankruptcy alleged was that Kenney while insolvent permitted such sale to be made in pursuance of such levy. On the filing of such petition the court made an order restraining the sheriff from paying the proceeds of said sale to said Clarke until the petition could be heard. On hearing of such petition Kenney was adjudged a bankrupt, which necessarily involved a finding that he was insolvent at the time of such levy and sale. It does not appear that the insolvency of the bankrupt was ever questioned in any of the proceedings subsequent to adjudication. In re Kenney (D. C.) 95 F. 427; Id., 97 F. 554; Id., 105 F. 897, 45 C. C. A. 113. Subdivision 15 of section 1 of the Bankruptcy Act (U. S. Comp. St. § 9585), so far as applicable to the issues in this case, declares that a person shall be deemed insolvent whenever the aggregate of his property shall not at a fair valuation be sufficient in amount to pay his debts.

[8] The sheriff relies for proof of insolvency of defendant in execution upon the voluntary petition in bankruptcy filed by it, the order of adjudication thereon by the referee and proof that he at some time during his attempt to collect plaintiff's execution, had some ten other executions against said defendant in his hands. The recitations of the petition in bankruptcy were as between the parties to this suit the ex parte declarations of the bankrupt or its officer verifying the same, and were incompetent as evidence of insolvency at the time said execution was placed in the hands of the sheriff. Cliftom Mercantile Co. v. Conway (Tex. Civ. App.) 264 S. W. 192, 194; Allen-Kingston M. C. Co. v. Consolidated Nat. Bank, 145 App. Div. 294, 129 N. Y. S. 1070.

[9, 10] The cause of action asserted herein is not one created by the Bankruptcy Act (U. S. Comp. St. §§ 9585–9656), nor one arising in the administration of the estate in bankruptcy. Neither the plaintiff nor the sheriff were actual parties to the proceeding. Such adjudication did not establish insolvency at the time plaintiff's execution was placed in the hands of the sheriff with instructions to immediately levy the same on the property of the defendant. Gratiot County State Bank v. Johnson, 249 U. S. 246, 39 S.

Ct. 263, 63 L. Ed. 587. Neither did it raise a presumption of insolvency at any time prior to the filing of the petition. 1 Collier (13th Ed.) p. 25; In re Ann Arbor Mach. Co., supra; In re Looschen Piano Case Co. (D. C.) 259 F. 931, 934; Simpson v. Western Hardware & Metal Co., 97 Wash. 626, 167 P. 113; McNeel v. Folk, 75 W. Va. 57, 83 S. E. 192; Wrenn v. Citizens' Nat. Bank (Conn.) 114 A. 120. While the evidence shows that the sheriff had in his hands during this time some ten other executions against said defendant, it does not show the amount of any of said other executions. The evidence adduced does not show that the property belonging to the defendant in execution on February 13, 1922, when said execution was placed in the sheriff's hands, was not at a fair valuation sufficient in amount to pay its debts, and is therefore insufficient to support a finding of insolvency at that time or thereafter prior to adjudication. Hicks Co. v. Moore (C. C. A.) 261 F. 773. Plaintiff's assignment complaining of the trial court's finding of fact that the defendant in execution was insolvent on February 13, 1922, and at all times subsequent to that time, is therefore sustained.

If it should be shown upon another trial that the defendant in said execution was at the time the same was placed in the hands of the sheriff insolvent, as that term is herein defined, and that if said execution had been promptly levied upon the property of the defendant and sale of such property promptly advertised, a voluntary petition in bankruptcy would have been filed before such sale could have been made, and the proceeds paid over to the plaintiff, such showing would be a defense to plaintiff's demands in this proceeding.

The judgment of the trial court is reversed, and the cause is remanded for another trial.